HUEY *v*. THE INDIANAPOLIS AND VINCENNES RAILROAD CO.

RAILROAD.—*Liability for Live-Stock Killed by Other Parties Operating Road.*—It is no defence for a railroad company in an action to recover for stock killed by a train of cars run on its railway track, that the injury was done by the train of another company, which was in the exclusive use and possession of the contractors, for the construction of defendant's line of road, who had not finished the same, or delivered to the defendant the completed portion of said road.

SAME.—The statute of March 4th, 1863, 3 Ind. Stat. 413, makes the company owning the railroad jointly and severally liable with the "lessees, assignees, receivers, and other persons, running or controlling any railroad," etc., for stock killed or injured.

*Held*, that the contractors were embraced in the phrase "other persons," used in the statute.

From the Greene Common Pleas.

*E. E. Rose* and *E. H. C. Cavins*, for appellant.

BUSKIRK, J.—This was an action by the appellant against the appellee, under the statute, to recover the value of a mule alleged to have been killed by the engine and cars of the appellee.

The appellee filed the following answer: "Comes now the defendant by William M. Franklin, her attorney, and for answer herein says, that at the time said mule was killed by said train of cars, the said train was owned by the Evansville and Crawfordsville Railroad Company, and was then leased and run by Cyrus M. Allen & Co., who were the contractors to construct defendant's road for a stipulated price, and were then engaged in the construction of the same; that the hands engaged in running said train, conductor, engineer, and all the balance of the hands thereon, were the agents and servants of the said Cyrus M. Allen & Co.; that the defendant had no control, agency, or direction in the running of said train; that said road was at that time under the entire control and in the possession of the said C. M. Allen & Co., and was never delivered over to the said defendant until the same was completed ready for the running of cars throughout the length of the line, which was long after the

Huey *v.* The Indianapolis and Vincennes R. R. Co.

killing of the said mule; that the running over and injuring of said mule with said train at said time was no necessary part of·the construction of said road by said contractors; and that at the time of the injuring of said mule, said contractors were running said train on their own individual business, and not in the employment or service of said defendant; wherefore defendant demands judgment," etc.

The appellant demurred to the above answer, but the demurrer was overruled, and appellant refusing to plead further, judgment was rendered for the appellee.

The only question arising in the record is, whether the court erred in overruling the demurrer to the answer.

The question is, whether the facts stated in the answer relieve the appellee from liability under the statute. By the first section, it is provided that lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act.

By the second section, it is provided that whenever any animal or animals shall be or shall have been killed or injured by the locomotives, cars, or other carriages used on any railroad in or running through this State, whether the same may be or may have been run and controlled by the company, or by the lessee, assignee, receiver, or other person, the owner thereof may go before some justice of the peace of the county, etc., and file his complaint, etc. 3 Ind. Stat. 413.

In our opinion, the facts stated in the answer constituted no defence to the action. By the first section of the act in question, lessees, assignees, receivers, and other persons, running or controlling any railroad in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company. The appellee

was duly organized under the laws of this State and thereby became a corporation. In its corporate name and by virtue of its corporate franchises, it had acquired the right of way and had located its road over and across the lands of private citizens. In its corporate name, it had contracted with C. M. Allen & Co. to construct its road. By virtue of such contract and the corporate franchises of the railway company, C. M. Allen & Co. entered upon the lands of citizens and constructed such road. C. M. Allen & Co. would have made themselves trespassers every time they entered upon the land of a citizen, if they had not been acting in the name and protected by the corporate rights and franchises of the appellee. They were the agents and employees of the appellee. It can make no difference that the engine and cars which were run belonged to some one else; C. M. Allen & Co. were embraced by the phrase "other persons" used in the statute. There have been many decisions as to the liability of companies, where the roads were run and operated by lessees, assignees, and receivers, and the same rule should be applied to the contractors in the present case.

In our opinion, the court erred in overruling the demurrer to the answer, for which error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the answer, and for further proceedings.